Stuart G. Gross (SBN#251019)
(sgross@gross-law.com)
**GROSS LAW**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

*Counsel for Plaintiffs and
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **KEVIN MARILLEY**; **SALVATORE; PAPETTI; SAVIOR PAPETTI,** on behalf of themselves and similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**CHARLTON H. BONHAM**, in his official capacity,<br><br>**Defendant.** | **Case No. 11-2418 (DMR)**<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING THE AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF SUCH DOCUMENTS UNDER FEDERAL RULE OF EVIDENCE 803 HEARSAY EXCEPTIONS FOR BUSINESS RECORDS AND PUBLIC RECORDS AND REPORTS** |

1    WHEREAS, Plaintiffs have propounded requests for production of documents upon Defendant;

2    WHEREAS, in response, Defendant produced *inter alia* certain Microsoft Excel spreadsheet files containing information compiled by the California Department of Fish and Game concerning persons who have paid nonresident fees challenged in the instant action;

3    WHEREAS, Defendant assigned such files the following Bates numbers: AG00000, AG000290, AG000291, AG000292, AG000293, AG000294, AG000295, AG000296, and AG000297;

4    WHEREAS, the documents identified in the immediately preceding whereas clause are collectively referred to herein as the "Subject Documents";

5    WHEREAS, it is Plaintiffs' position that a foundation for the authenticity of the Subject Documents can be established through testimony by Plaintiffs' counsel concerning production of the Subject Documents by Defendant and their receipt by Plaintiffs in response to Plaintiffs' requests for production of documents and that the Subject Documents are admissible, as non-hearsay or otherwise, and/or would be properly considered by the Court in resolving Plaintiffs' motion for class certification to be filed on January 5, 2012, notwithstanding ultimate resolution of questions going to their admissibility into evidence at trial;

6    WHEREAS, however, Plaintiffs wish to avoid any ambiguity and/or uncertainty in this regard and the associated potential for inefficient dispute between the parties created thereby; and

7    WHEREAS, the parties both desire to avoid the expense and inefficiency of conducting a deposition in order to establish the authenticity of the Subject Documents and their qualification as business records and/or public records and reports under Federal Rules of Evidence 803(6) and 803(8), respectively;

//

//

---

**STIPULATION AND [PROPOSED] ORDER CONCERNING AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF SUCH DOCUMENTS UNDER FEDERAL RULE OF EVIDENCE 803 EXCEPTIONS FOR BUSINESS RECORDS AND PUBLIC RECORDS AND REPORTS; Case No. 11-2418**                                                                                                                                1

IT IS HEREBY STIPULATED AND AGREED, subject to court approval, by and between the undersigned counsel on behalf of the parties as follows:

1. Any and all of the Subject Documents, if submitted by either party in connection with motion practice or identified by either party for admission into evidence at trial, are presumed to be authentic under Federal Rule of Evidence 901. Pursuant to this Stipulation, it is presumed that any of the Subject Documents so submitted are authentic under Federal Rule of Evidence 901, unless a party makes an affirmative showing through timely objection that the submitted document is not the actual document produced. All other objections based on authenticity with respect to the Subject Documents are waived.

2. Any and all of the Subject Documents, if submitted by either party in connection with motion practice or identified by either party for admission into evidence at trial, qualify as business records under Federal Rule of Evidence 803(6) and as public records under Federal Rule of Evidence 803(8), without any further showing .

Dated:  December 28, 2011                                        Respectfully submitted,

**GROSS LAW**

           */s/ Stuart G. Gross*
STUART G. GROSS

*Counsel for Plaintiffs and Proposed Class*

---

**STIPULATION AND [PROPOSED] ORDER CONCERNING AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF SUCH DOCUMENTS UNDER FEDERAL RULE OF EVIDENCE 803 EXCEPTIONS FOR BUSINESS RECORDS AND PUBLIC RECORDS AND REPORTS; Case No. 11-2418**                                                                        2

Dated: December 28, 2011

**KAMALA D. HARRIS**
Attorney General of California
**ROBERT W. BYRNE**
Supervising Deputy Attorney General

_/s/ Cecilia L. Dennis_
CECILIA L. DENNIS
Deputy Attorney General

*Attorneys for Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED,

Dated: January 3, 2012

_____
MAGISTRATE JUDGE DONNA M. RYU

**STIPULATION AND [PROPOSED] ORDER CONCERNING AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF SUCH DOCUMENTS UNDER FEDERAL RULE OF EVIDENCE 803 EXCEPTIONS FOR BUSINESS RECORDS AND PUBLIC RECORDS AND REPORTS; Case No. 11-2418**     3

**ATTESTATION REGARDING SIGNATURES**

Pursuant to this Court's General Order 45, section X(B), I hereby attest that I have obtained concurrence in the filing of this Stipulation and Proposed Order from each of the other signatories.

Dated:  December 28, 2011                                  **GROSS LAW**


                                                                      */s/ Stuart G. Gross*
                                                                Stuart G. Gross

---

**STIPULATION AND [PROPOSED] ORDER CONCERNING AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF SUCH DOCUMENTS UNDER FEDERAL RULE OF EVIDENCE 803 EXCEPTIONS FOR BUSINESS RECORDS AND PUBLIC RECORDS AND REPORTS; Case No. 11-2418**                                                                                                4