1   KAMALA D. HARRIS
    Attorney General of California
2   ROBERT W. BYRNE
    Supervising Deputy Attorney General
3   CECILIA L. DENNIS, SBN 201997
    M. ELAINE MECKENSTOCK, SBN 268861
4   Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
     Telephone:  (415) 703-5395
6    Fax:  (415) 703-5480
     E-mail:  Cecilia.Dennis@doj.ca.gov
7   *Attorneys for Defendant*

8

                 IN THE UNITED STATES DISTRICT COURT
9

                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

                          OAKLAND DIVISION
11

12

13  **KEVIN MARILLEY; SALVATORE**          11-CV-2418-DMR
    **PAPETTI; SAVIOR PAPETTI, on behalf of**
14  **themselves and similarly situated,**      **STIPULATION AND [PROPOSED]**
                                              **PROTECTIVE ORDER REGARDING**
15                              Plaintiffs,   **DELIBERATIVE DISCOVERY**
                                              **DOCUMENTS**
16            **v.**
                                              Judge        The Honorable Donna M. Ryu
17
    **CHARLTON H. BONHAM, in his official**    Trial Date:   September 3, 2013
18  **capacity;**                              Action Filed:  May 18, 2011

19                              Defendant.

20

21                          <u>**RECITALS**</u>

22          WHEREAS, pursuant to the Court's September 19, 2012, ruling on Plaintiffs' motion to

23  compel (Doc. 102), Defendant has produced all deliberative documents identified on its privilege

24  log.

25          WHEREAS, Defendant has produced additional documents similar to those identified on

26  Defendant's privilege log, including but not limited to numerous draft enrolled bill reports and

27  bill analyses, staff notes, and e-mails regarding proposed legislation.

28                                          1

WHEREAS, Defendant has produced the above identified documents with a "Subject to Protective Order" seal.

WHEREAS, Defendant has an interest in maintaining the confidentiality of the above identified documents and any further deliberative documents he produces.

**<u>STIPULATION</u>**

ACCORDINGLY, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1.      Plaintiffs shall use documents produced by Defendant with the seal "Subject to Protective Order" solely and exclusively for the purposes of this litigation and any subsequent appeal and for no other purpose whatsoever, and shall in no event use such documents for any subsequent business, competitive, personal, private, public, or other purpose, except as required by law.

2.      Any person to whom Plaintiffs' attorneys show or provide copies of the documents described in paragraph 1 above must receive a copy of this Order and sign the Certification, attached hereto as Exhibit A, before being shown or receiving the documents described in paragraph 1 above.

3.      Paragraph 2 does not apply (a) to Department of Fish and Game employees, or (b) to witnesses being shown the documents only at deposition.  To the extent documents are shown to witnesses only at deposition, Plaintiffs' attorneys shall advise the witness of the confidential nature of these documents, and the restrictions placed on revealing and/or discussing such documents with persons who are not subject to and/or in compliance with the terms of this Order. The handling at trial of documents identified in paragraph 1 shall be governed by applicable legal authorities.

4.      Any person being shown or receiving documents described in paragraph 1 above shall not reveal to or discuss such documents with any person who is not subject to, and in compliance with, the terms of this Order.  This provision shall continue to be binding after conclusion of this action.

//

2

5.     Plaintiffs' attorneys certify that procedures are in place at their firm, offices or other places where they conduct business, as well as at their residences if they take the documents home in any form, to prevent unauthorized disclosure of the documents.

6.     Plaintiffs' attorneys certify that they will maintain the original Certifications signed pursuant to this protective order.

7.     Within 60 days after the conclusion of this litigation, including any appeal, Plaintiffs attorneys shall destroy all documents in their possession identified in paragraph 1.

8.     This Protective Order does not limit or supersede the protective orders entered in this case on December 1, 2011 (Doc. 57) and March 30, 2012 (Doc. 86).

9.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of Defendant to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Dated:  November 6, 2012

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Supervising Deputy Attorney General


*/s/  Cecilia L. Dennis*
CECILIA L. DENNIS
Deputy Attorney General
*Attorneys for Defendant*


Dated:November 6, 2012

GROSS LAW


*/s/ Stuart G. Gross*

_____
Stuart G. Gross (SBN 251019)
sgross@gross-law.com
The Embarcadero, Pier 9, Suite 100
San Francisco, CA 94111
Telephone:  (415) 671-4628
Facsimile:   (415) 480-6688

3

1

2
/s/ Jared M. Galanis

3
_____
Jared M. Galanis (SBN 238549)
jgalanis@gross-law.com

4
The Embarcadero, Pier 9, Suite 100
San Francisco, CA 94111

5
Telephone:  (415) 671-4628
Facsimile:  (415) 480-6688

6

7
Counsel for Plaintiffs and Class

8
     PURSUANT TO STIPULATION, IT IS SO ORDERED,

9

10

11

   November 13, 2012

12
MAGISTRATE JUDGE DONNA RYU

13
SF2011201820

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **KEVIN MARILLEY; SALVATORE PAPETTI; SAVIOR PAPETTI, on behalf of themselves and similarly situated,** | 11-CV-2418-DMR |
| Plaintiffs, | **CERTIFICATION** |
| **v.** | |
| **CHARLTON H. BONHAM, in his official capacity;** | |
| Defendant. | |

I hereby certify my understanding that documents with the seal "Subject to Protective Order" (hereinafter "Protected Documents") are being provided to me pursuant to the terms and restrictions of the Protective Order Regarding Deliberative Discovery Documents in the above matter (hereinafter "Protective Order"). I have been given a copy of the Protective Order and read it. I agree to be bound by the Protective Order. I will not reveal the Protected Documents to anyone, except as allowed by the Protective Order. I will maintain all such Protected Documents—including copies, notes, or other transcriptions made therefore—in a secure manner to prevent unauthorized access to them. If any Protected Documents are lost, stolen or misplaced while in my custody, I will immediately notify counsel who provided me with the documents. No later than 30 days after the conclusion of this action, I will return the Protected Documents—including copies, notes, or other transcriptions made—to counsel who provided me with the documents. I hereby

//

//

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DELIBERATIVE DISCOVERY DOCUMENTS (11-CV-2418)

1

2

3

consent to the jurisdiction of the United States District Court for the Northern District of

California for the purpose of enforcing the Protective Order.

4

5

Printed Name: _____

6

7

Signature: _____

8

9

Dated: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6